NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0093n.06
Filed: February 6, 2007

No. 05-6832

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JAMES H. MASTERS,

     Defendant-Appellant.

_____/

On appeal from the United States
District Court for the Middle District
of Tennessee

BEFORE:    RYAN, BATCHELDER, and SUTTON, Circuit Judges.

     RYAN, Circuit Judge.     James H. Masters challenges his sentence for credit card fraud, in violation of 18 U.S.C. § 1029(a)(2), and for making false statements and representations in an application for Social Security benefits, in violation of 42 U.S.C. § 408(a)(2). Masters objected to the district court's two-level enhancement for use of "sophisticated means" pursuant to U.S.S.G. § 2B1.1(b)(9)(C). We find that the district court did not commit clear error by applying the "sophisticated means" enhancement and therefore affirm its judgment.

**I.**

     Masters launched his credit card fraud scheme by consulting library reference materials, such as a "Who's Who" book, to obtain information on individuals with names similar to his own. Using this information, he procured a number of documents under false names, including an Indiana birth certificate, credit reports, a document from the Social

Security Administration, and multiple credit cards. Masters then used a false birth certificate to secure an Alabama driver's license in the name "John Christopher Masters." Finally, using the name "J. Masters," the defendant fraudulently obtained $46,676 in Social Security benefits from February 2000 to September 2002.

Masters pleaded guilty to six counts of credit card fraud, in violation of 18 U.S.C. § 1029(a)(2), and one count of making false statements and representations in an application for Social Security Insurance Benefits, in violation of 42 U.S.C. § 408(a)(2). Masters's presentence report calculated a criminal history category of VI and a total offense level of 13; the total offense level included a two-level enhancement for using "sophisticated means" to commit his crimes. U.S.S.G. § 2B1.1(b)(9)(C). After a sentencing hearing, the district court sentenced Masters to 33 months' imprisonment, three years of supervised release, and ordered him to pay $54,581.96 in restitution. Masters contends that he did not use "sophisticated means" in committing the offenses, and that therefore the court was not justified in applying the two-level enhancement.

## II.

We review the district court's application of the United States Sentencing Guidelines for clear error. United States v. Kraig, 99 F.3d 1361, 1371 (6th Cir. 1996). A factual finding is clearly erroneous when "'the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed.'" Anderson v. City of Bessemer City, NC, 470 U.S. 564, 573 (1985) (citation omitted).

## III.

Section 2B1.1 of the United States Sentencing Guidelines defines "sophisticated means" as:

> [E]specially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

U.S.S.G. § 2B1.1, comment. (n.8(B)) (2005).

A series of criminal actions may constitute sophisticated means even if none of the offenses, standing alone, is "especially complex" or "especially intricate." See, e.g., United States v. Tandon, 111 F.3d 482, 491 (6th Cir. 1997); United States v. Pierce, 17 F.3d 146, 150-51 (6th Cir. 1994).

Masters argues that his scheme was essentially pedestrian; he discovered information using publicly available reference materials, filed false credit card applications, and did not employ "fictitious entities" or "corporate shells." Therefore, Masters argues, the district court clearly erred in applying the "sophisticated means" enhancement. But we see it differently.

Although many of Masters's individual actions lacked sophistication, the district court did not commit clear error by applying the sentencing enhancement. The defendant defrauded John Masters and the IRS using a multi-pronged, cross-jurisdictional scheme. He utilized information from reference materials to obtain John Masters's Indiana birth certificate and a credit report. Using these documents, the defendant then obtained multiple credit cards under false names. He then used John Masters's Indiana birth certificate to procure an Alabama driver's license bearing the name "John Masters," but the

defendant's picture.  Finally, the defendant defrauded the Social Security Administration by eliciting over $46,000 of benefits, which were sent to a bank account established under a false name.

While each of the individual steps in the fraud scheme was not particularly sophisticated, it is the totality of the defendant's conduct—the entire scheme—that the district court found was carried out using "sophisticated means."  We think the court committed no error, clear or otherwise, in applying the enhancement and in sentencing Masters to 33 months' confinement.

## IV.

We **AFFIRM**.